IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS' PENSION
FUND, NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS' HEALTH FUND,
NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS' VACATION
FUND, NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS' APPRENTICESHIP
& JOURNEYMAN TRAINING FUND, LABOR
MANAGEMENT COOPERATION TRUST FUND,
BRIAN GENTRY, CONTRACT ADMINISTRATION
FUND, NORTH CENTRAL STATES REGIONAL
COUNCIL OF CARPENTERS

                Plaintiffs,                OPINION AND ORDER

   v.

                                                     09-cv-542-wmc

SLP BUILDERS, INC. and LAMONTE N. JOHNSTON,

                Defendants.

---

In this civil action, a regional carpenters union and affiliated funds allege that defendants violated the Employee Retirement Income Security Act, as well as the terms and conditions of their collective bargaining agreements, by failing to make timely payments to various trust funds for employees covered by the agreements. After initially defending against plaintiffs' claims, individual defendant Lamonte Johnston sought bankruptcy protection and filed a motion for an automatic stay of this case pursuant to 11 U.S.C. § 362(a). Dkt. #8. The case was dismissed without prejudice in light of these bankruptcy proceedings, with the caveat that the order to dismiss could be vacated. Dkt. #11. A little over a week later, plaintiffs moved to vacate the order to dismiss with respect to defendant SLP Builders, Inc. Dkt. #12. That motion was granted. Dkt. #13.

Plaintiffs next sought an entry of default and a default judgment against SLP. Dkts. ## 17 and 20. The clerk of court denied those motions because SLP had appeared and answered the complaint, making default under Fed. R. Civ. P. 55(a) inappropriate. Dkt. #23. Plaintiffs now move for summary judgment against SLP, which will be granted.

UNDISPUTED FACTS[1]

Plaintiff North Central States Regional Council of Carpenters (the "Union") is a labor organization or union. Plaintiffs North Central States Regional Council of Carpenters' Pension Fund, North Central States Regional Council of Carpenters' Health Fund, North Central States Regional Council of Carpenters' Vacation Fund, North Central States Regional Council of Carpenters' Apprenticeship and Journeyman Training Fund and Larbor Management Cooperation Trust Fund (the "Funds") are multi-employer benefits plans under ERISA and the LMRA. The Funds are jointly administered and governed by a Board of Trustees, consisting of an equal number of union and employer appointees. Plaintiff Brian Gentry is a trustee and beneficiary of the Health Fund.

The Funds collect contributions from employers and distribute the monies for workers' pension and welfare benefits. Working dues are collected from employers pursuant

---

[1] Because SLP Builders failed to respond to plaintiffs' proposed findings of fact, those facts are accepted as undisputed. *See* Preliminary Pretrial Conference Order, dkt. #16, at 9 ("A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.") and Procedures to be Followed on Motions for Summary Judgment, at 14, II.C. ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.").

to the employers' collective bargaining agreements with the Union. The Funds monitor the collection of contributions and working dues, calculate the amounts outstanding, and assess liquidated damages and interest on delinquencies.

The Funds' trust agreements and amendments, which are incorporated through the CBAs, provide for liquidated damages at twenty percent of any unpaid contributions. They also provide for interest applied at a rate of one and one-half percent per month on any delinquencies. Under the CBAs and determinations by the Funds' trustees, a delinquent employer is required to pay actual attorney's fees and costs if legal action becomes necessary to collect the amounts owed. The Funds have developed, maintained and supervised appropriate programs and procedures to deal with delinquencies, which includes continuous status updates by calculating interest and liquidated damages as contributions are made. The Funds also schedule audits of participating employers. These audits produce reports that are reviewed and circulated among Fund trustees, union representatives and legal counsel.

Defendant SLP Builders, Inc. is a domestic company organized under the laws of the State of Wisconsin. SLP signed a collective bargaining agreement with the Union on September 3, 2002. By signing the CBA, SLP also adopted the Funds trust agreements and amendments. The CBA requires SLP to pay accumulated hourly contributions and working dues to the Funds and the Union. These contributions and working dues must be paid no later than the fifteenth day of the month following the month in which work was performed. SLP's failure to timely pay contributions and working dues triggers the Funds' assessment of the liquidated damages and interest.

SLP failed to perform its obligations pursuant to the terms and conditions of the CBA and the trust agreements by failing to submit continuing, timely contributions and working dues to the Union and the Funds. On March 16, 2009, an audit of SLP's books and records was performed. The auditor found delinquencies in SLP's payments to the Funds and the Union. The audit established that payments for all hours worked were not made in conjunction with projects located within the North Central States Regional Council of Carpenters' geographical jurisdiction. The audit did not consider any hours worked outside the relevant geographical jurisdiction.

Specifically, the audit established a total delinquency of $37,764.59 from January 1, 2006, through February 28, 2009. SLP was sent a copy of the audit billing on March 27, 2009. SLP has never challenged the audit's determinations, such as the hours worked by its employees inside the relevant geographical jurisdiction. For example, in March and April 2009 alone, the remittance reports show that SLP owes $5,177.81 in contributions and working dues. The Funds use a computer program to regularly calculate the accrued interest and liquidated damages owed on any delinquencies. As of April 9, 2010, those calculations indicated the contributions total accrued interest, liquidated damages, and working dues owed by SLP total $49,546.99. Additionally, plaintiffs have incurred $4,406.25 in attorney's fees and costs in their efforts to collect the amounts SLP owes.

OPINION

Plaintiffs contend that SLP has violated section 515 of ERISA, 29 U.S.C. § 1145, which states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Based on the facts provided by plaintiffs, SLP failed to satisfy its obligation under its CBA with the Union by failing to pay all required contributions and working dues from January 1, 2006, through April 30, 2009. Accordingly, plaintiffs are entitled to summary judgment on their claim that SLP is liable under section 515.

Plaintiffs contend further that in accordance with section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), they are entitled to $49,546.99 in damages and $4,406.25 in attorney's fees and costs. In relevant part, section 502(g)(2) states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions
>
> (C)  an amount equal to the greater of - -
>
> > (i)  interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)  reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E)  such other legal or equitable relief as the court deems appropriate.

5

Plaintiffs have certainly provided sufficient, undisputed evidence to establish the amount of damages they were entitled to as of April 9, 2010. Specifically, they have provided evidence of what they are owed for: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages, which is 20% percent of the unpaid contributions in accordance with the terms of the agreements; and (4) reasonable attorney's fees and costs. Plaintiffs' success in proving that SLP violated section 515 entitles them to all such damages. *See Cent. States, Se. & Sw. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Because interest has continued to accrue since plaintiffs filed this motion on April 9, 2010, plaintiff will be given until August 31, 2010, in which to submit updated amounts of damages and attorney's fees and costs, with similar supporting documentation.

## ORDER

IT IS ORDERED that

(1)   Plaintiffs' motion for summary judgment (dkt. #25) is GRANTED;

(2)   Plaintiffs have until August 31, 2010, in which to submit updated damages and attorney's fees and costs calculations to include all interest accrued until the date of that submission.

Entered this 9th day of August, 2010.

> BY THE COURT:
>
> /s/
>
> _____
> WILLIAM M. CONLEY
> District Judge